### CITY OF PADUCAH *v.* L. Y. CRAIG.

**Damages for Killing Dog—City Ordinance.**

> Where a city ordinance in its penal provisions provides that dogs unmuzzled may be killed, but the language of the ordinance is such as to apply only to the dogs of persons in said city, and does not in terms apply to non-resident owners, the city will be liable to such non-resident owners whose dogs are killed by city officers under such ordinance.

#### APPEAL FROM McCRACKEN CIRCUIT COURT.

February 12, 1875.

OPINION BY JUDGE LINDSAY:

The ordinance under which the city of Paducah claims that it had the right to cause the dog of appellee to be killed, provides that the mayor may, in his discretion, issue a proclamation ordering all dogs running at large within the corporate limits of the city to be muzzled, and to remain muzzled during the continuance of such time as the mayor may prescribe. It then provides that "all persons owning a dog or dogs in said city failing to comply with the provisions, and permitting his dog or dogs to run at large without being muzzled, the city marshal or any policeman is authorized to kill said dog or dogs." It is evident from this language used, that the penal portion of this ordinance is confined to the dogs of persons in said city.

It does not, in terms, apply to dogs owned by persons living out of the city, and as it inflicts the "death penalty without due process of law" its application will not be extended by implication. It results therefrom, as the answer of the city does not controvert the fact that appellee resides outside of the city limits, that it caused and procured his dog to be killed, that it presented no defense to the action. Every material averment stood uncontroverted, and the only issue to be tried was as to the value of the dog.

Upon that issue appellee was entitled to conclude the argument. The court did not err in giving and refusing instructions, and we cannot say that the value fixed upon the dog is so outrageous as to indicate that the jury was influenced in their action by passion or prejudice.

Judgment *affirmed.*

*J. Q. A. King, for appellant.*
*L. D. Husbands, for appellee.*